

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, | ) | No. 11-CV-774-IEG(WVG) |
| Plaintiff, | ) ) | AMENDED ORDER GRANTING MOTION FOR EARLY DISCOVERY |
| v. | ) ) | [Doc. No. 6] |
| JOHN DOE, | ) ) | |
| Defendant. | ) ) | |

Plaintiff moves the Court for an order authorizing early discovery so that it may obtain the identity of Defendant John Doe, who is currently known only by his or her Internet Protocol ("IP") address. For good cause shown, Plaintiff's motion is GRANTED. After Plaintiff indicated that its original motion included the incorrect IP address, the Court's original Order is amended to reflect the correct IP address.

## I.     BACKGROUND

On April 13, 2011, Plaintiff filed a complaint alleging copyright infringement against John Doe. (Doc. No. 1.) On April 14, 2011, Plaintiff filed a motion seeking permission to take early discovery for the limited purpose of identifying this Doe Defendant. (Doc. No. 4.) Specifically, Plaintiff seeks to subpoena RCN Telecom Services, Inc. ("RCN") (in its capacity as an Internet Service Provider ("ISP")) to determine the name and address of certain its subscriber(s) associated with IP address 216.164.63.251 connected to the infringement of Plaintiff's work on November 16, 2010 at 2:41:51 p.m. (UTC). Additionally, Plaintiff seeks

permission to then issue interrogatories to and depose the subscriber(s) identified by RCN in order to determine whether the subscriber is the proper defendant in this action.

## II.   LEGAL STANDARD

"Currently under Rule 26, the bar on discovery extends until the Rule 26(f) conference which often takes place three or four months into the litigation -- after the defendant has retained counsel and responded to the complaint. The timing of discovery prescribed by Rule 26(d) focuses not on protecting the unwary and unrepresented defendant, but rather on orderly case management." Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) [finding the district court abused its discretion in dismissing the case with respect to the John Doe defendants without requiring the named defendants to answer interrogatories seeking the names and addresses of the supervisors in charge of the relevant facilities during the relevant time period]). These requests are allowed upon a showing of good cause. Semitool, Inc. 208 F.R.D. at 275-76. When cases involve the internet, Courts have recognized "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely on-line." Columbia Ins. Co., 185 F.R.D. at 577.

A three-factor test has been developed for instances where courts are considering motions requesting early discovery to assist in the identification of certain defendants. Id. at 578-80. First, the moving party should be able to identify "the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." Id. at 578 (citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977)). Here, given the facts shown, Plaintiff has identified the missing party(s) with as much clarity as possible. Plaintiff has stated that John Doe is a real person or

entity that has been observed and documented as infringing on its copyrighted works. Thus, as a real person, John Doe can be sued in federal court.

Next, the moving party should be able to identify "all previous steps taken to locate the elusive defendant." Columbia Ins. Co., 185 F.R.D. at 579 (citing Plant v. Doe, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998)). The only information Plaintiff has regarding the Defendant is his or her IP address and his or her cable ISP. Therefore, there are no other measures Plaintiff could take to identify the Defendant other than to obtain his or her identifying information from his or her ISP. Consequently, Plaintiff must serve a subpoena on Defendant's ISP to obtain the information it seeks. In light of the non-identifying, anonymous nature of an IP address on its own, the lack of previous steps to locate the defendant is excusable and does not militate against Plaintiff's request.

Finally, the moving party should be able to "establish to the Court's satisfaction that [its] suit against defendant could withstand a motion to dismiss." Columbia Ins. Co., 185 F.R.D. at 579 (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Here, Plaintiff has alleged a prima facie claim for copyright infringement. 17 U.S.C. § 106(1)(3). Specifically, Plaintiff claimed: (1) it owns and has registered the copyrighted works at issue in this case, (2) the Defendant reproduced and distributed those works without authorization, and (3) Plaintiff was damaged by Defendant's actions. See UMG Recordings, Inc. v. Augusto, 628 F.3d 1175, 1178 (9th Cir. 2011). Accordingly, for purposes of the instant motion only, the Court finds that since Plaintiff has alleged all the elements of copyright infringement in the complaint and its suit against Defendant could withstand a motion to dismiss in the future. Of course, the Court's finding is not a finding that Plaintiff's Complaint in fact does survive a motion to dismiss and will have no bearing upon any such future motion.

### III.   CONCLUSION

In sum, Plaintiff has shown good cause for conducting limited early discovery and its motion is hereby GRANTED.

RCN shall have seven (7) days after service of the subpoenas to notify the subscriber(s) that their identity has been subpoenaed by Plaintiff. Each subscriber whose identity has been

subpoenaed shall have twenty-one (21) calendar days from the date of such notice to file a responsive pleading.

Thereafter, upon receipt of the subscriber's information from RCN, the Plaintiff may send written discovery requests to the relevant subscriber and may take the subscriber's deposition, if necessary. Plaintiff may do so only for the limited purpose of determining whether the subscribers are the proper defendants.

IT IS SO ORDERED.

Dated: April 19, 2011

William V. Gallo
United States Magistrate Judge